## CONSTRUCTION OF INCONSISTENT BUILDING RESTRICTIONS.

Circuit Court of Cuyahoga County.

MINERVA J. PARMENTER ET AL V. FRANK E. MUELLER ET AL.

Decided, May 31, 1910.

*Building Restrictions—Conflict—Laches and Estoppel.*

1. Conflicting building restrictions in a deed must be reconciled according to the manifest intention of the parties.
2. Laches or estoppel can not be claimed against a plaintiff who has been induced to delay bringing suit by the conduct of the defendant.

*White, Johnson & Cannon,* for plaintiff in error.
*A. C. K. Schoeneman,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

We construe the restrictions contained in the deed from Charles L. F. Wieber and wife to Nellie F. Wright as prohibiting the erection of any building or structure of any kind excepting porches or bay windows on sub-lot No. 9 within forty feet from the Belle avenue street line for a period of twenty-five years from the date of said deed. This restriction is specific and not to be overcome by the other restriction in said deed "that the dwelling-house shall be erected or placed so as to leave not less than fifteen feet of clear space on the westerly side of the lots," which was the form of restriction used by the maker of the sub-division in deeds to lots fronting on Clifton boulevard, and carelessly inserted in this deed.

We apprehend that these two lots, 9 and 10, were sold as one parcel of land and that it was not intended that the westerly fifteen feet of lot 10 should not be built upon, so that defendants' contention that lot 9 would become valueless if the forty feet restriction should be enforced is of no avail to them.

Upon the question of estoppel, we find the defendants did not act in good faith.

Not only were they advised from the time they purchased the property that it was subject to the restriction contained in the

Wright deed, but the improvements on Belle avenue showed them the general building line.   When they built the house on the rear of the lot they were told that all buildings on Belle avenue had to be back forty feet from Belle avenue and when they started the building on the corner the neighbors questioned them and showed such interest in their operations that they should have foreseen the bringing of this suit.   But defendants were not candid.   To all questions as to where they were going to build they said that they knew the restrictions and were going to live up to them.   To no one who inquired did they say that they claimed a right to build within fifteen feet of Belle avenue.

Had they been acting in good faith they would have notified the inquiring neighbors that they claimed the right to build closer than forty feet to Belle avenue and would do so, unless enjoined by the courts.   Such conduct would have got the case into court before they had proceeded very far with their building. We think their own conduct produced the slight delay which ensued, before the suit was brought.

Judgment for plaintiffs.